## PEARLY NICHOLS *versus* WILLIAM EDWARDS *et al*

Where a father, at or about the time of the marriage of his daughter, and with the consent of the intended husband, places household furniture in the house provided by such husband for the residence of himself and wife when married, the presumption will be, that the furniture was a gift and not a loan to the daughter.

But where it appeared that the father told the daughter, before the marriage, that he could not give them much furniture, but would lend them enough to make them comfortable, and that two or three days after the marriage the daughter signed a receipt acknowledging that the furniture was a loan, which understanding between the father and daughter however was not proved to be known to the husband, it was *held*, in an action by the father to recover possession of the furniture, which had been mortgaged by the husband, that it was for the jury to determine upon the evidence, whether the furniture was given or only lent to the daughter.

TROVER for certain articles of household furniture.

At the trial, before *Shaw* C. J., it appeared, that the plaintiff, who resided in Wales, in the county of Hampden, about the time of the marriage of his daughter with one Weaver, in 1829, placed the furniture in question in the house of Weaver, which was then building, at Wales ; that the plaintiff told his daughter before the marriage, that he could not give them much furniture, but that he would procure and lend them enough to make them comfortable ; and that two or three days after the marriage, in the absence of her husband, she signed a receipt in the presence of two witnesses, acknowledging that the furniture was a loan and not a gift.

There was evidence tending to show, that Weaver and his wife continued to use the furniture as their own, so long as they lived in Wales, and that upon their removal to Southbridge, they carried it with them.

The defendants claimed title to the furniture under a mortgage made to them by Weaver, at Southbridge, on March 21, 1833, for a valuable consideration.

It appeared, that Weaver failed and went from Southbridge in May 1833, leaving the furniture in a public house kept by him ; and that the defendants soon after took possession of the furniture under their mortgage.

Evidence was produced tending to show that Weaver did not know, until after the date of the mortgage to the defendants that it was understood between the plaintiff and his

daughter, that the furniture should be received as a loan and not a gift.

The jury were instructed, as follows : 1. That where a father provides household furniture at or about the time of the marriage of his daughter, and, with the consent of the intended husband, places it in the house provided by the husband for the residence of himself and wife when married, this raises the presumption, that such furniture is a gift to the daughter ; and that upon the marriage the property in such furniture vests in the husband.

2. That any stipulation or arrangement between the father and daughter, made after the marriage, that the property shall be claimed to be a loan and not a gift, or any such stipulation made before the marriage and not known or assented to by the husband, would not repel that presumption or prevent the property from vesting in the husband.

The case was submitted to the jury, with directions to return a verdict for the plaintiff, if they should find that the arrangement was known or assented to by the husband ; otherwise, for the defendants. The jury returned a verdict for the defendants.

If the above directions were wrong, the verdict was to be set aside, and a new trial granted ; otherwise, judgment was to be entered on the verdict.

*Washburn* and *G. Davis*, for the plaintiff, cited Doctor and Student, 176 ; 2 Kent's Comm. 162, 261, 262 ; Amer. Jurist, 272 to 284 ; *Angel* v. *M'Lellan*, 16 Mass. R. 28 ; *Shumway* v. *Rutter*, 8 Pick. 447 ; *Babson* v. *Webber*, 9 Pick. 163.

*Merrick* and *Hyde*, for the defendants, cited 2 Bl. Comm. 441 ; Story on Bailm. 156, 163, 189.

*Oct. 4th.*

WILDE J. delivered the opinion of the Court. The first exception to the instructions to the jury, is, we think, clearly unfounded : for in the case supposed, the presumption arising from general usage would be strong that the furniture was intended as a gift ; and if there had been no evidence in this case that it was not so intended, the presumption ought to be considered conclusive.

*April term
1835.*

But the second exception appears to us to be well founded. The furniture in question was purchased by the father, and

was his property ; consequently it remains his if he has not transferred it by sale or gift to his daughter or her husband. If the husband has been deceived by appearances, this will not convert a loan into a gift, not even if the loan was intentionally concealed from the husband. In every case when a man marries the daughter of a man of property, he may reasonably expect to receive a marriage portion with his wife ; but the father cannot be compelled to give it, unless he has stipulated so to do. It is the essence of a gift that it should be voluntarily made. We think, therefore, that in this case it should have been left to the jury to decide upon the evidence, whether the furniture was given to the daughter or only lent.

*New trial granted*